# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ALEX T. BRANCH                                                                     PLAINTIFF

V.                                                                                  NO. 4:09CV110-P-A

HENRY MAXWELL, et al.                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration on Plaintiff's motion for a temporary restraining order.

### Factual and Procedural Background

On October 26, 2009, the Plaintiff, an inmate filed a 1983 *pro se* complaint challenging the conditions of his incarceration. In his complaint, the Plaintiff sufficiently stated a claim for excessive-use-of-force and failure-to-protect. Specifically, the Plaintiff claimed that Defendants Sturdivant, Maxwell, Gallion and Montgomery entered his cell and beat him. The Plaintiff was dragged into the hallway where the beating continued. Further, the Plaintiff accused Defendant Scott of witnessing the attack but failing to intervene.

The Plaintiff has now filed a motion for preliminary injunction against the Defendants. In support of his motion, the Plaintiff submitted that the Defendants assaulted him, again, on August 12 and August 18, 2010. He stated that he was hit in the eye and on the head, slapped and kicked him. The Plaintiff claims he is suffering from headaches as a result.

### Preliminary Injunction

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve

the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

When reviewing an excessive force claim, courts must balance the constitutional rights of prisoners with the needs of officials to effectively use force to maintain order. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). To establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." S*ee Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Not every malevolent touch gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A *de minimis* use of force, however, is insufficient to state a cognizable Eighth

2

Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Id. at* 700.

In this case, the Plaintiff's motion must fail. The Plaintiff cannot satisfy the fourth element–that the injunction will not disserve the public interest. The Defendants are charged with safely securing the inmates. If the court were to issue an injunction, it would necessarily be substituting its judgment in place of those who know best how to protect the public from criminals and the inmates from one another. The court is not willing to or interested in micro-manage the prisons. It is clear that the prison administrators are in the best position to determine how to manage and staff the facilities and, under the law, they are granted wide latitude in doing so. Since the Plaintiff has failed to prove the fourth element, the motion for temporary restraining order is denied.

A separate order in accordance with this opinion will be entered.

THIS the 31ST day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE